1  Moris Davidovitz, Esq., (State Bar #70581)
   COOPER & SCULLY, P.C.
2  101 California St., Suite 3650
   San Francisco, CA. 94111
3  Telephone: (415) 956-9700
   Facsimile: (415) 391-0274
4  Moris.davidovitz@cooperscully.com

5
   Attorneys for Petitioner,
6  XPERTUNIVERSE, INC
   .
7

8                 **IN THE UNITED STATES DISTRICT COURT**

9                 **NORTHERN DISTRICT OF CALIFORNIA**

10                    **SAN FRANCISCO DIVISION**

11

12
   XPERTUNIVERSE, INC.,                          Case No.
13
              Petitioner,                         **PETITION FOR ORDER**
14   vs.                                          **COMPELLING ATTENDANCE**
                                                  **AT ARBITRATION PURSUANT**
15   CHRIS DEDICOAT and                           **TO SUMMONS [9 U.S.C. §7]**
     CISCO SYSTEMS, INC.
16
              Defendants.
17

18

19

20

21         NOW COMES the Petitioner, XpertUniverse, Inc. ("XU"), and moves this Court for relief in

22   aid of arbitration. Specifically, XU respectfully requests that the Court compel the attendance of

23   Respondent Cisco Systems, Inc. by and through Respondent Chris Dedicoat ("Dedicoat")

24   (collectively "Cisco"), the Executive Vice President of Cisco Systems Inc., at a hearing before the

25   American Arbitration Association ("AAA") panel in the underlying arbitration matter,

26   *XpertUniverse, Inc. v. Stroock & Stroock & Lavin LLP, et al.,* AAA Case No. 01-16-001-8713 (the

27   "Arbitration"), pursuant to the Arbitration Summons to Testify and Present Documentary Evidence

28   at an Arbitration Hearing (the "Summons"), attached hereto as Exhibit A (partially redacted), which

was served upon Dedicoat and Cisco Systems, Inc. on September 19, 2017. Dedicoat and Cisco Systems Inc. have informed XU that despite receipt of the Summons they are refusing to comply therewith or appear before the AAA Panel.  The attached Exhibit A, is partially redacted because it contains information believed to be designated confidential by Cisco Systems Inc. or by Stroock, Stroock, & Lavan, LLP.

In further support hereof, XU states as follows:

## I.    OTHER ACTION OR PROCEEDING

1.     There are no prior or pending civil actions arising out of the same transaction or occurrence alleged in this Petition. There is only the above-referenced Arbitration.  There is a pending civil action between Petitioner and Respondent Cisco Systems, Inc. pending in this court, *XpertUniverse, Inc. v. Cisco Systems Inc.,* Case No. 17-CV-3848.  That other civil action does not involve the Summons to Cisco Systems Inc., nor appearing at a hearing in the above referenced Arbitration, nor the gravamen of the Arbitration which is claimed legal malpractice by the defendants in the Arbitration.  That other action is a claim of patent infringement.  As such, it does not appear likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if that other action and this Petition proceeding are conducted before different Judges.

## II.    JURISDICTION

2.     Pursuant to 28 U.S.C. §1331, this Court has original jurisdiction based upon federal question jurisdiction, namely the applicability and scope of the Federal Arbitration Act, 9 U.S.C. §1 et seq.  Pursuant to 28 U.S.C. §1332, this Court also has original jurisdiction over this action because the amount in controversy is in excess of $75,000 and there is complete diversity of citizenship between XU whose residence is the State of New York on the one hand, and Dedicoat and Cisco whose residence is in the State of California on the other hand.

## III.    VENUE

3.     Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(1)-(2) because this is the judicial district in which the Respondents reside, and is the judicial district in which a substantial

1    part of the events or omissions giving rise to the claim occurred. Further, this is the judicial district

2    in which the arbitrators are scheduled to sit for the hearing set forth in the Summons, which is the

3    gravamen of the present Petition to Compel Attendance At Arbitration.

### IV.    INTRADISTRICT ASSIGNMENT

4.    The Court's division in San Francisco is the proper division for the present Petition

6    proceeding as the County of San Francisco is the county in which the Arbitrators are scheduled to sit

7    for the hearing set forth in the Summons.

### V.    FACTUAL BACKGROUND

5.    As set forth in the Summons, Exhibit A, Dedicoat, the Executive Vice President of

10   Worldwide Sales for Cisco Systems Inc. has been summoned in writing by the unanimous three-

11   member panel of the arbitrators to a AAA hearing to be held on October 12, 2017 at the AAA offices

12   located at One Sansome Street, Suite 1600, San Francisco, California, and to bring the documents

13   identified in Schedule A appended thereto. That Arbitration is proceeding pursuant to the Federal

14   Arbitration Act, 9 U.S.C. §1, et seq.

6.    This Summons, Exhibit A hereto, was issued by the AAA Panel pursuant to

16   Procedural Order No. 8, Exhibit B, appended thereto, which (1) imposed limitations on a prior

17   summons pursuant to objections raised by Cisco, and (2) otherwise denied Cisco's remaining

18   objections. The history of Cisco's objections, the position of Defendants in the Arbitration (Stroock,

19   Stroock & Lavan LLP, Joseph Diamante, and Charles Cantine) regarding Petitioner's efforts with

20   regard to a Summons to Cisco, and the rulings of the Arbitration Panel, regarding the Summons to

21   Cisco, are set forth in Exhibit B appended to the Summons.

7.    On September 19, 2017, counsel for Dedicoat and Cisco Systems Inc., executed a

23   Waiver of Service Summons, Exhibit C, appended hereto.

8.    Cisco's counsel has advised XU's counsel that Cisco Systems Inc., will not produce a

25   witness or otherwise appear for the Arbitration hearing called for in the Summons.

9.    The October 12th, 2017 hearing set in the Arbitration is in the nature of a preliminary

27   hearing to receive evidence from Cisco Systems Inc., preliminary to a hearing on the merits which is

28   presently scheduled on January 16, 2018.

1

## VI.   LEGAL BASIS FOR RELIEF REQUESTED

2

The governing law is 9 U.S.C. §7, which provides, in full:

3

> The arbitrators selected either as prescribed in this title or otherwise, or
> a majority of them, may summon in writing any person to attend
> before them or any of them as a witness and in a proper case to bring
> with him or them any book, record, document, or paper which may be
> deemed material as evidence in the case. The fees for such attendance
> shall be the same as the fees of witnesses before masters of the United
> States courts. Said summons shall issue in the name of the arbitrator or
> arbitrators, or a majority of them, and shall be signed by the
> arbitrators, or a majority of them, and shall be directed to the said
> person and shall be served in the same manner as subpoenas to appear
> and testify before the court; **if any person or persons so summoned
> to testify shall refuse or neglect to obey said summons, upon
> petition the United States district court for the district in which
> such arbitrators, or a majority of them, are sitting may compel the
> attendance of such person or persons before said arbitrator or
> arbitrators, or punish said person or persons for contempt** in the
> same manner provided by law for securing the attendance of witnesses
> or their punishment for neglect or refusal to attend in the courts of the
> United States.

(Emphasis Added)

## VII.   REQUEST FOR RELIEF

In light of the facts that (1) the Arbitration is a lawful and pending arbitration case pursuant
to 9 U.S.C. §1, et seq., (2) the Summons, Exhibit A hereto, was duly issued by the unanimous AAA
panel after having considered Cisco's objections thereto, and (3) the Summons was duly received by
Cisco Systems Inc. and formal service was waived, XU respectfully requests this Court compel the
attendance of Cisco Systems Inc. by and through Dedicoat, on a date certain before the AAA Panel
in San Francisco California and to bring the documents required by the Summons, Exhibit A hereto,
and to continue to so appear until Dedicoat's testimony is concluded and his further appearance is
excused by the arbitrators.

//

//

//

//

1      XU further requests that this Court retain jurisdiction over this controversy until the

2  Summons, Exhibit A hereto, has been fully complied with.

3      Finally, XU requests any further and additional relief this Court deems just and appropriate.

4                                              Respectfully Submitted,

5  DATED: October  6 , 2017                    By:   /s/ Moris Davidovitz

6                                              MORIS DAVIDOVITZ
                                               Attorneys for Petitioner,
7                                              XPERTUNIVERSE, INC.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# **EXHIBIT A**

## IN ARBITRATION BEFORE THE
## AMERICAN ARBITRATION ASSOCIATION

| | |
|---|---|
| XPERTUNIVERSE, INC.<br>　　　　　　　　　　　Claimant,<br><br>　　　　　　-against-<br><br>STROOCK & STROOCK & LAVAN LLP,<br>JOSEPH DIAMANTE and CHARLES<br>CANTINE,<br>　　　　　　　　　　　Respondents. | **ARBITRATION SUMMONS TO**<br>**TESTIFY AND PRESENT**<br>**DOCUMENTARY EVIDENCE AT**<br>**AN ARBITRATION HEARING**<br><br>Case No. 01-16-0001-8713 |

**To:**　　Chris Dedicoat,
　　　　　Executive Vice President, Worldwide Sales
　　　　　Cisco Systems
　　　　　170 West Tasman Drive
　　　　　San Jose, CA 95134

**Greetings**:

By the authority invested in the undersigned arbitrators by Section 7 of the Federal Arbitration Act (9 U.S.C. § 7), you are hereby SUMMONED to attend as a witness at a hearing in the presence of one or more of the undersigned arbitrators to be held on October 12, 2017, at 10 A.M. at American Arbitration Association, San Francisco Regional Office, One Sansome Street, Suite 1600, San Francisco, CA 94104, and to bring with you to the hearing the documents identified in the attached Schedule A.

Provided that this SUMMONS has been served upon you in the same manner as is required of a judicial subpoena under Rule 45 of the Federal Rules of Civil Procedure, then if you shall refuse or neglect to obey this SUMMONS, upon petition the United States District Court for the Northern District of California or a competent court of the State of California may compel your attendance, or punish you for contempt in the same manner provided by law for securing the attendance of witnesses or their punishment for neglect or refusal to attend in the courts of the United States.

You may address questions concerning this SUMMONS to the attorneys identified below. Any application by you to quash or modify this SUMMONS in whole or in part should be addressed to the arbitral tribunal in writing, with copies to counsel for the parties, except that a motion upon the ground that the SUMMONS is unenforceable under Section 7 of the U.S. Arbitration Act may also be addressed to the United States District Court for the Northern District of California or a competent court of the State of California.

The attorneys for the Claimant in this arbitration are Cohan Rasnick Myerson Plaut LLP, Attn: Robert D. Cohan, One State Street, Suite #1200, Boston, MA 02109, 617-742-1820, ext. 1; rcohan@crmllp.com.

The attorneys for the Respondent in this arbitration are Cahill Gordon & Reindel, LLP Attn: Jonathan Their, 80 Pine Street, New York, NY 10005, 212-701-3992; JThier@Cahill.com.

The AAA case manager is Rekha Rangachari, Esq., Director of ADR Services, American Arbitration Association, 150 East 42nd Street, 17th Floor, New York, NY 10017, 646-240-4583; RekhaRangachari@adr.org.

**IT IS SO ORDERED on this 15th Day of September, 2017:**

William G. Bassler (Ret.)

Jean E. Kalicki

Mark C. Morril
Chair

## SCHEDULE A

### I.   DEFINITIONS

As used in the Summons, the terms below are defined as follows:

1.     "You" and "your" and all derivatives therefrom shall mean Cisco Systems, Inc., and any business, trust, or other entity in which it has any ownership or beneficial interest, whether as shareholder, partner, trustee or beneficiary, its agents, servants or employees or any person or entity similarly connected to Cisco Systems, Inc., having possession, custody or control of documents identified, or who acted on its behalf.

2.     "Documents" means any financial record, business record, correspondence, and report and, in addition, each and every writing, graphic matter, or other medium upon which intelligence or information can be recorded or retrieved, notes, circulars, announcements, directories, declarations, filings, memoranda, agreements, contracts, legal instruments, reports, studies, work papers, records, instructions, minutes or meetings, calendars, schedules, projections, plans, drawings, specifications, designs, sketches, pictures, photographs, photocopies, charts, graphs, curves, descriptions, accounts, journals, ledgers, bills, invoices, checks, receipts and the like, motion pictures, recordings, published or unpublished speeches or articles, publications, transcripts of telephone conversations, sound recordings, and any other retrievable data (whether encoded, taped, punched or coded, electronically, electrostatically, electromagnetically, on a computer database, computer discs, or otherwise), in the possession, custody or control of a defendant and/or their agents, or assigns, wherever located however produced or reproduced.

3.     "Person" means the plural as well as the singular and includes any natural person and a firm, corporation, association or partnership, governmental entity, or other form of legal entity unless the context indicates otherwise.

4.     "Concerning" means constituting, containing, embodying, describing, evidencing, mentioning, referencing, relating to, analyzing, reflecting, illustrating, depicting, or summarizing.

5.     "Communication" means any written or oral transmission of fact, information or opinion, including any utterance, notation, or statement of any nature whatsoever, including, but not limited to, documents and correspondence.

6.     "Correspondence" means any letter, telegram, telex, TWX, notice, message, e-mail memorandum, or other written communication or transcription or notes of a communication.

7.     The following rules of construction apply to all discovery requests:

(a)     The terms "all" and "each" shall be construed as "all and each";

3

(b)     The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope; and

(c)     The use of the singular form of any word includes the plural and vice versa.

8.     If no documents exist which are responsive to a request, please state that no documents exist.

9.     **The Deponent is not required to produce any documents which are subject to the attorney-client privilege.**

10.     A request for a document shall be deemed to include a request for any and all transmittal sheets, cover letters, exhibits, enclosures, or attachments to the document, in addition to the document itself.

11.     **All documents produced will be designated and treated as "Confidential Information" pursuant to the <u>Stipulation and Order for the Production and Exchange of Confidential Documents and Information</u> entered in this arbitration on October 16, 2016.**

## II.     <u>SUBJECT MATTER OF THE HEARING</u>

The hearing will address all issues relating to the admissibility of Cisco's documents set forth in Section III below, including but not limited to questions of authenticity, privilege and the qualification of the documents as business records.

## III.     <u>DOCUMENTS</u>

The purchase orders and itemized sales contracts **relating to U.S. sales** between Cisco and the following customers showing what goods and services were sold and/or provided to them in connection with the deployment of Cisco's Remote Expert, Expert Advisor, Virtual Expert Management and/or Real Time Advisor (the "Products") between January 1, 2008 and March 21, 2013:

a.     Home Depot;

b.     The 48 banks referenced in ███████████████████ ███████████at page 22-23, <u>Exhibit 1</u>, appended;

c.     Bank of Montreal and its subsidiary, Harris Bank;

d.     Citizens Financial Group, Inc.; and

e.  Any other customer. See █████████████████████████

█████████████████████████ Exhibit 2 appended.

# EXHIBIT 1

# <u>REDACTED</u>

This document, bearing Cisco Bates Stamp no. 365014-365070,
has been designated "Highly Confidential – Attorneys' Eyes Only"
by Cisco.  By agreement of Cisco and the parties to the Arbitration
it is subject to the <u>Stipulation and Order for the Production
and Exchange of Confidential Documents and Information</u> entered
in the Arbitration on October 16, 2016.

EXHIBIT 2

# <u>REDACTED</u>

This document, bearing Stroock Bates Stamp no. 1152399-1152400, has been designated "Confidential" by the Respondents in the Arbitration.  It is subject to the <u>Stipulation and Order for the Production and Exchange of Confidential Documents and Information</u> entered in the Arbitration on October 16, 2016.

# **EXHIBIT B**

IN ARBITRATION BEFORE THE

AMERICAN ARBITRATION ASSOCIATION

Case No. 01-16-0001-8713

-------------------------------------------------------------------------------------

XPERTUNIVERSE, INC.,

Claimant,

against

STROOCK & STROOCK & LAVAN LLP, JOSEPH

DIAMANTE and CHARLES CANTINE,

Respondents.

_____

PROCEDURAL ORDER No. 8

Disposition of Objections of Third Party Cisco Systems, Inc.

This Procedural Order addresses the Objections dated 29 August 2017 of Third Party Cisco
Systems, Inc. ("Cisco") to the 10 August 2017 Arbitration Summons to Testify and Present
Documentary Evidence at an Arbitration Hearing ("the Summons") issued in this case.[1]

The factual and procedural background to the current dispute is set forth in detail in
Procedural Order No. 6 ("PO 6"), dated 31 July 2017, a copy of which is annexed to this
Procedural Order.  Familiarity with PO 6 is assumed herein. [2]

---

[1] Although the Summons was addressed to a named individual employee at Cisco, we accept
Cisco's objections as being filed on behalf of that employee.

[2] PO 6 ordered Claimant to provide Cisco with a copy of that order and the exhibits to
Cisco's objections confirm Claimant complied.

The Tribunal has carefully considered each of Cisco's objections to the Summons and overrules them for the reasons discussed below.  Upon application by the Claimant, the Tribunal will reissue the hearing Summons for a convenient date.[3]

<u>Discussion</u>

1. Cisco argues that the Summons, taken together with its previous versions and drafts, is an attempt to obtain improper discovery from a non-party to the arbitration and should be quashed as "an artifice."  As detailed in PO 6, the Tribunal issued the Summons after carefully considering its authority, which was well established under §7 of the Federal Arbitration Act, as well as the necessity of the proposed hearing and accompanying document production, the expense and inconvenience of conducting a preliminary hearing and the burden on the witness.  Among other things, the Tribunal determined that the documents sought in the *duces tecum* portion of the Summons existed or were reasonably believed to exist and that they were potentially relevant in this arbitration and material to its outcome.  We overrule any objection that the Tribunal lacks authority or that the Summons is an unenforceable artifice.

2.  Cisco further argues that the summons is untimely, referring to a certain purported arrangement agreed between Claimant and Cisco in 2016.  Cisco has made no showing that any such arrangements precluded Claimant's application to this Tribunal for the Summons or the issuance thereof.  We find that the Summons is not untimely in this arbitration and overrule Cisco's objection on such ground.

3.  Cisco raises various objections to the scope of documents called for in the *duces tecum* portion of the Summons.  Cisco alleges, among other things, that the Summons calls for the production of documents that are not material or relevant to any issue in the arbitration and that the Summons would impose

---

[3] The objections state that Claimant and the Cisco agreed that Cisco could produce documents in lieu of the designated witness appearing at the noticed hearing.  While the Tribunal advised counsel in the arbitration that such an arrangement would likely be convenient for the witness, parties, counsel and the tribunal, it also noted that any such arrangement would be external to the summons.  The Tribunal is proceeding solely pursuant to its power to issue a hearing summons.

2

undue burden and expense.  PO 6 recites in detail the Tribunal's consideration of the substantially similar objections Cisco interposed as to the scope of a prior version of the Summons.  The Tribunal also took steps to avoid any undue burden on Cisco.  We ordered that the draft summons then before the Tribunal be significantly streamlined.  Among other things, the Tribunal declined to order the production of drafts or other non-final versions of Cisco's purchase orders and sales contracts and noted the likelihood that the final documents called for by the few remaining document requests contained in the summons would likely reside in Cisco's sales systems.  We noted Claimant's representation that it did not intend to call Cisco as a witness at the merits hearing in this arbitration and required that the subject matter of the preliminary hearing convened pursuant to the Summons encompass all issues relating to the authenticity and admissibility of Cisco's documents. Cisco has not demonstrated an undue burden in its current objections.

4.  Cisco further objects on grounds of privilege and confidentiality and contends that the summons seeks to evade discovery limitations in litigation between Claimant and Cisco pending in the U.S. District Court in California. The Tribunal confirms here that the *duces tecum* portion of the Summons is intended to call only for the production of non-privileged documents. Claimant shall amend the Summons to so provide.  Further, any documents produced pursuant to the Summons will be subject to the confidentiality order issued in this arbitration.  Cisco may file a separate application to amend that order as it applies to documents it produces, upon a detailed showing of good cause for such an amendment.

5.  Cisco also objects to the production of documents relating to non-U.S. sales of products alleged to infringe United States patents.   Claimant is directed to limit the reissued Summons to documents relating to U.S. sales.

Conclusion

In PO 6, the Tribunal determined that it had authority to issue the Summons requiring the named witness to attend a preliminary arbitration hearing in San Francisco.  The Tribunal noted that it had determined that the documents called for in the *duces tecum* portion of the

3

Summons were potentially relevant in this arbitration and material to its outcome.  We carefully considered the potential burden, inconvenience and expense of summoning a witness in Northern California to testify in a preliminary hearing in connection with this arbitration and to bring the specified documents.  The Tribunal concluded that after considering several rounds of proposed summonses, it was satisfied that the Summons then before it, with further modifications ordered in PO 6, was an necessary and appropriate exercise of the Tribunal's powers and discretion in this arbitration.   After carefully considering Cisco's objections, we adhere to each of those findings and overrule Cisco's objections to the Summons.

<u>Order</u>

Subject to the further modifications provided herein, upon application by the Claimant made within 7 days of this Procedural Order, the Tribunal will reissue the Summons and will convene a preliminary hearing in San Francisco on a convenient date.  Claimant is directed to provide three dates in September and October when the parties are available for the hearing.  Claimant is further ordered to serve a copy of this Order on Counsel for Cisco forthwith.

Dated:  1 September 2017
          New York, New York

For the Tribunal:

Mark C. Morril
Chair

4

IN ARBITRATION BEFORE THE
AMERICAN ARBITRATION ASSOCIATION

Case No. 01-16-0001-8713

-----------------------------------------------------------------------------------
XPERTUNIVERSE, INC.,

Claimant,

against

STROOCK & STROOCK & LAVAN LLP, JOSEPH
DIAMANTE and CHARLES CANTINE,
Respondents.

_____

PROCEDURAL ORDER No. 6

This order resolves Claimant's request that the Tribunal issue an "Arbitration Summons to
Testify and Present Documentary Evidence at an Arbitration Hearing" ("the summons") to a
named Executive Vice President, Worldwide Sales for third-party Cisco Systems, Inc.
("Cisco") of San Jose, California.  Claimant in this arbitration asserts legal malpractice and
other claims against the Respondent law firm and two of its partners in relation to the
Respondents' representation of Claimant in an earlier litigation against Cisco.

 Cisco submitted objections to an earlier version of the summons and objects as well to the
latest version.  Respondent advised the Tribunal that it had no objection to issuance of a
summons in the form initially proposed by the Claimant, while preserving its right to object
later.  Respondent subsequently filed objections on substantially the same basis stated by
Cisco.

5

For the reasons stated below, the Tribunal will issue the summons, subject to modifications described in this Order.

Background

Paragraph 2 (g) of Procedural Order No. 2 and Scheduling Order dated 15 October 2016 required that all requests for the issuance of subpoenas for the taking of third-party testimony in this arbitration be accompanied by "a letter setting forth the basis for the Panel's authority to issue the requested subpoena...."

On 27 April 2017, Claimant submitted to the Tribunal its "Request for Issuance of Keeper of the Records Deposition Summonses to Third-Parties, Cisco Systems, Inc. and International Business Machines Corporation." The proposed summons to Cisco was styled as a "Deposition Summons with Documents," addressed to the "Keeper of the Records" of Cisco at an address in New York City. The proposed summons further provided that "in lieu of attending," Cisco could send copies of the requested records to Claimant's counsel, accompanied by an executed certificate attesting that the documents were true and accurate copies of Cisco's records.

In support of its request, Claimant urged that the Tribunal has authority to issue third-party summonses pursuant to the American Arbitration Association Commercial Arbitration Rules and Section 7 of the Federal Arbitration Act ("FAA"), 9.U.S.C. § 7. Claimant argued that under FAA § 7, the Panel has authority to compel testimony at an evidentiary hearing prior to the "final hearing on the merits" in an arbitration, citing to the Second Circuit's decision in *Stolt-Nielsen Transp. Group, Inc. v. Celanese AG*, 430 F.3d 567, 578-579 (2d Cir. 2005).

Claimant's counsel, who had a long history of dealing with Cisco, also noted that

> [A]s a practical matter XU believes that an actual hearing will likely be unnecessary as XU will offer these deponents the option of having their depositions taken at a time and place convenient to them instead of at a hearing in New York scheduled at the Panel's convenience. XU anticipates that the deponents will choose that option.

On 2 May 2017, Respondents advised the Tribunal that they did not object to the issuance of the summonses in the form proposed by Claimant, while reserving all rights and potential

grounds for objection with respect to any proceedings initiated to enforce, quash and/or limit the scope of the summonses.

By Procedural Order No. 5 dated 3 May 2017, the Tribunal declined to issue the proposed summonses in the form submitted and ruled that

> Counsel may submit hearing summonses addressed to a natural person located in the United States or to a corporation calling for the appearance of a corporate representative found within the United States to testify about subject matter designated with reasonable particularity. In either case, the witness may be instructed to bring to the hearing specified documents. If both parties then determine that they have no questions to ask the witness based on the documents presented at the hearing, or the party summoned elects to waive its appearance and deliver the documents, the documents may be admitted in the record without the need for the witness to be examined.

On 10 May 2017, Claimant submitted a revised summons addressed to Cisco at an address in New York, calling for "a representative" to "appear and testify" at an address in New York on a specified date about "the authenticity of the documents" called for in the summons. [4] The revised summons provided that "records may be delivered in lieu of a personal appearance," provided that they were accompanied by a certificate that the records were true and accurate copies of the company's records.

On 15 May 2017, the Tribunal agreed to issue the revised summons, noting

> Claimant has indicated on several occasions its interest in third-party summonses, that the Panel has several times advised it of the law governing such summonses in arbitration and provided resources for further research into the area, that the Claimant has attempted to craft summonses in a way that it believes is sufficient to qualify under the applicable law and that the Respondents have stated that they did not object to the issuance of the summonses as originally proposed. Based on the foregoing, the Panel therefore agrees to issue the summonses in the requested revised form, without opining on whether they are strictly consistent with the form and scope available in arbitration proceedings.

On 17 May 2017, the Tribunal issued the summonses in the form Claimant most recently had submitted ("the 17 May summons").

---

[4] Claimant also submitted a revised summons addressed to IBM. Although Claimant subsequently advised the Tribunal that IBM had declined to comply, it has not requested any relief in respect to IBM.

7

On 20 June 2017, Cisco filed objections to the 17 May summons on the following grounds, among others: i) the summons referred to a "deposition" and the FAA does not authorize subpoenas for the depositions of third-parties; ii) FAA § 7 does not authorize arbitration subpoenas for testimony of corporate representatives or for the production of documents from third parties; iii) Cisco and its documents are "located" in California and the Tribunal lacks authority to direct Cisco to appear or to produce its documents in New York; and iv) the summons sought production of documents that are not material or relevant to any issue in the arbitration proceeding, did not seek the production of specific documents, but rather "large categories of documents" and was overly broad and unduly burdensome.

On 28 June 2017, Claimant filed its response to Cisco's objections.  Claimant argued, among other things, that i) the summons was for an "arbitration hearing" not a deposition and that the reference to a deposition in the summons was a "misnomer"; ii) the summons was not seeking a "corporate representative" but, rather, Cisco's "keeper of the records"; iii) Cisco has at least three office locations in mid-town Manhattan alone and thus has sufficient contacts to be subject to the subpoena jurisdiction of the Tribunal in New York; and iv) the documents requested were "precisely targeted" and not unduly broad or burdensome to Cisco.

On 28 June 2017, Respondents submitted a letter supporting Cisco's objections. Respondents argued, among other things, that the *duces tecum* portion of the summons was overly broad and unlikely to yield material or relevant documents in the arbitration.

On 5 July 2017, Cisco submitted a reply to Claimant's response to its objections.  Cisco argued, among other things, that the *duces tecum* portion of the summons lacked specificity and would impose a burden on Cisco because it sought "all versions" of certain documents, "itemized sales agreements and purchase orders" for sales of eight Cisco products covering nine years and documents relating to Cisco products that were not the subject of the underlying litigation between Claimant and Cisco because Claimant did not accuse them or the district judge excluded them from the litigation.

8

On 12 July 2017, the Tribunal Chair conducted a telephonic procedural conference with the parties at which the issues raised by Cisco's and Respondents' objections were discussed. In response to a question from the Chair, Claimant represented that it had no present plans to call Cisco as a witness at the merits hearing if Cisco appeared at a preliminary hearing in response to the summons or delivered documents in lieu of an appearance. At the conclusion of the conference, the Chair set a schedule for Claimant to submit a new proposed summons revised in accordance with the discussion and for Respondent to comment on the proposed revised summons.

On 19 July 2017, Claimant submitted a proposed revised summons ("the 19 July summons"). The revised Arbitration Summons to Testify and Present Documentary Evidence at an Arbitration Hearing" was addressed to a named individual Executive Vice President, Worldwide Sales of Cisco in San Jose, California and called for testimony at a "video-linked hearing" at a designated location in San Francisco, California. The subject matter is stated to be the authenticity of the documents called for in the *duces tecum* portion of the summons.[5] The summons specified documents to be brought to the hearing and stated that the witness could elect to waive physical appearance and instead deliver the documents accompanied by a certificate that they were true and accurate records of Cisco.

By letter dated 20 July 2017, Respondent stated its objections to the 19 July summons, arguing, among other things, that the summons was simply an artifice to obtain document discovery from Cisco and that the *duces tecum* portion of the summons did not seek evidence material to the claims in the arbitration and could not justify the associated time and expense to Cisco and the parties.

By letter dated 21 July 2017, Cisco argued that the hearing called for by the 19 July summons was a "pretext" to obtain discovery from Cisco and that the *duces tecum* portion of the summons was overbroad and burdensome.

On 22 July 2017, the Tribunal granted Claimant's request to make an additional submission in response to the objections of Cisco and Respondents and directed Claimant to include in

---

[5] The Tribunal understands the reference to the subject matter of the "deposition" in the 19 July summons to be an error. The reference should be corrected in a revised summons.

such submission a discussion of certain of Cisco's objections to the breadth of the *duces tecum* portion of the summons.

By letter dated 24 July 2017, Claimant argued, among other things, that i) the requested documents exist and reflect sales of Cisco products and service that deployed Claimant's patented technology; ii) the requested documents will assist Claimant in proving its claims that Respondents in the underlying litigation failed to adequately conduct discovery of usage and sales revenues derived from Cisco's products that infringed Claimant's patents and, as a consequence, Claimant's real damages were much higher than what the jury found; iii) the five year time period for which Claimant seeks documents is the period during which infringement occurred.

Analysis

(a) The Tribunal's Power to Compel the Witness to Appear
Section 7 of the FAA does not empower arbitrators to issue a prehearing subpoena for the production of documents by a non-party to the arbitration. *Life Receivables Trust. v Syndicate 102 at Lloyd's of London*, 549 F.3d 210 (2d Cir. 2008) ("*Life Receivables*").

Arbitration tribunals, however, do have authority under FAA § 7 to conduct hearings other than the final merits hearing in an arbitration and in connection with such preliminary hearings, which may be conducted before all of the arbitrators or one of them, a tribunal may compel the testimony of a witness and require the witness to bring specified documents. *Life Receivables, supra*, at 579-80. See also *A Model Federal Arbitration Summons to Testify and Present Documentary Evidence*" by the International Commercial Dispute Committee and the Arbitration Committee of the New York City Bar Association, 26 *The American Review of International Arbitration* 157 (2015) ("the Model Summons"). The Tribunal referred the parties to the Model Summons at the initial procedural conference in this arbitration, and again when disputes arose regarding the Cisco and IBM summonses, and urged them to follow the guidance contained in its annotations.

As the Second Circuit stated in *Life Receivables*:

10

Interpreting section 7 according to its plain meaning "does not leave arbitrators powerless" to order the production of documents. Hay Group, 360 F.3d at 413 (Chertoff, J., concurring). On the contrary, arbitrators may, consistent with section 7, order "any person" to produce documents so long as that person is called as a witness at a hearing. 9 U.S.C. § 7. ...In Stolt–Nielsen, we held that arbitral section 7 authority is not limited to witnesses at merits hearings, but extends to hearings covering a variety of preliminary matters.12 430 F.3d at 577–79. As then-Judge Chertoff noted in his concurring opinion in Hay Group, the inconvenience of making a personal appearance may cause the testifying witness to "deliver the documents and waive presence." 360 F.3d at 413 (Chertoff, J., concurring). Arbitrators also "have the power to compel a third-party witness to appear with documents before a single arbitrator, who can then adjourn the proceedings." Id. at 413. Section 7's presence requirement, however, forces the party seeking the non-party discovery— and the arbitrators authorizing it—to consider whether production is truly necessary. See id. at 414 ...In sum, arbitrators possess a variety of tools to compel discovery from non-parties. However, those relying on section 7 of the FAA must do so according to its plain text, which requires that documents be produced by a testifying witness.

See also *Odfjell ASA v. Celanese,* 348 F.Supp.2d 283, 287 (S.D.N.Y. 2004) ("[P]reliminary proceedings can proceed expeditiously before a single arbitrator to deal with preliminary questions of admissibility, privilege, and the like before the full panel hears the more central issues.")

Consistent with the foregoing authority, the Tribunal has considered carefully the necessity of the proposed hearing and accompanying document production, the expense and inconvenience of conducting a preliminary hearing and the burden on Cisco, all of which are discussed below.

(b) Location of the Hearing

Claimant has asserted that Cisco is subject to the Tribunal's subpoena power in New York by virtue of its branch offices located in New York City. Claimant relied primarily on *Wultz V. Bank of China,* 298 F.R.D. 91 (S.D.N.Y. 2014) in which a non-party Israeli bank was compelled to provide deposition testimony in a New York lawsuit by videoconference on the basis that the bank was subject to the court's "subpoena jurisdiction" by virtue of having a branch office in New York. In the exercise of its discretion, and considering recent decisions that have narrowed the view of both general and specific jurisdiction of state courts over out-of-state corporations, the Tribunal stated a preference that Claimant's revised summons specify Northern California as the location for the hearing. See *Daimler*

*AG v. Bauman*, 134 S.Ct. 746 (2014); *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County*, 137 S.Ct. 1773 (2017). The summons now before the Tribunal does specify an address in San Francisco as the location for a "video-linked hearing."

Moreover, since the latest revised summons is directed to a named individual who presumably is resident in Northern California, the location of the hearing is limited by FRCP 45 (c), which operates to limit the arbitrators' subpoena power by providing that a witness may be compelled to travel to a hearing no more than 100 miles from where the witness resides, is employed or regularly transacts business, except that the witness may be required to travel further within the state if the witness would not incur substantial expense.  <u>See</u> Model Summons, 26 *The American Review of International Arbitration* at 167.

(c) Hearing by Video-Link

Claimant states that it "designated" the hearing as video-linked, relying on a reference in the Model Summons to Rule 32 (c) of the AAA Commercial Rules, which provides that the arbitrator "may allow for the presentation of evidence by alternative means, including video conferencing…." This provision, which is permissive, does not extend the arbitrators' power to compel a non-party witness to appear by means other than a personal appearance at a hearing where the arbitrator, or at least one of them, is present.  Recognizing that an argument may be made that the presence of an arbitrator by videoconference may provide the adjudicative presence required by FAA § 7, in the absence of consent to a videoconference, the Tribunal nonetheless will require that the summons specify that the arbitrators, or one of them, will attend in person. <u>See</u> Model Summons, 26 *The American Review of International Arbitration* at 170.

The 19 July summons also provides that the recipient may elect to waive a personal appearance and instead produce the documents called for by the *duces tecum* portion, accompanied by a certificate attesting that the documents are true and accurate records of Cisco.  Recognizing that such an election may reduce the burden and expense for the witness, parties and arbitrators, the Tribunal views the possibility as one that should be discussed or negotiated between Claimant and the witness.  It is external to the summons and the Tribunal directs that it not be included as a part thereof.

12

(d) Scope of the Hearing

The 19 July summons provides that the subject matter of the hearing is to determine the authenticity of the documents called for by the *duces tecum* portion of the summons. Claimant has represented to the Tribunal that it does not intend to call Cisco as a witness at the merits hearing, provided that it has received the documents called for in the summons. Considering that representation, and the potential burden on Cisco, the Tribunal will expect the preliminary hearing called for by the summons to address, in addition to authenticity, all other issues relating to the admissibility of Cisco's documents, including, for example, questions of privilege and the qualification of the documents as business records if Claimant intends to offer them, or some of them, into evidence on that basis.

(e) Objections to the Scope of Documents Called for by the Summons

Section 7 of the FAA provides that the arbitrators may, in connection with summoning a person to attend before them, require the witness to bring "any book, record, document or paper which may be deemed material as evidence in the case."   The Tribunal agrees with the annotation in the Model Summons that

> [T]ribunals should require a high degree of specificity in the "duces tecum" portion of a subpoena, aiming for non-cumulative evidence known to exist (or perhaps reasonably believed to exist), not available from sources within the party's control, and reasonably necessary to establish a fact in dispute.

26 *The American Review of International Arbitration* at 171.

With this standard in mind, at the 12 July conference, the Chair directed Claimant to reformulate the *duces tecum* portion of the summons to be more responsive to the standard. The 19 July summons significantly streamlined the requests.

After reviewing Respondent's letter of 20 July and Cisco's letter of 21 July, both of which addressed the scope of the documents Claimant was seeking in the 19 July summons, the Tribunal on 22 July directed that Claimant's further submission in support of the proposed summons include:

13

a discussion of whether i) documents relating to products not found to infringe Cisco's patents;  ii) documents extending over a 5-year period; and iii) documents as to which the District Court in the underlying matter denied or limited production are relevant and material to the outcome of this arbitration and otherwise meet the requirements of the AAA Commercial Rules and Section 7 of the Federal Arbitration Act.

Claimant's additional submission of 24 July addressed the questions the Tribunal had posed in respect to the scope of the requests.

Based on a careful review of the potential relevance of the documents Claimant seeks in the *duces tecum* portion of the summons and their materiality to the issues in the arbitration, and considering the potential burden and expense on Cisco, the Tribunal has reached the following conclusions in respect to the scope of the requests:

    a) Purchase orders and sales contracts for Cisco products alleged to have included Claimant's patented technology, including bundled sales and convoyed sales, appear relevant and material to Claimant's claim that respondents failed to discover usage and sales data sufficient to support the full damages claims Claimant might have asserted in the underlying litigation.

    b) It appears that purchase orders and sales contracts between Cisco and customers for the products identified in the summons either exist or are reasonably likely to exist.

    c) The five-and-a-half year period for which Claimant seeks documents reflect the period in which Claimant has alleged Cisco sold infringing products.

    d) The court in the underlying litigation denied discovery of some of the documents Claimant seeks here at least in part based on its view that the request was not timely.  Respondents' alleged failure to seek this discovery in a timely fashion in the underlying litigation is an issue in this arbitration.

    e) Claimant alleges that it did not have access to documents sufficient to show the products Cisco sold to Bank of Montreal and Citizen's Financial Group, Inc., which Claimant alleged contained its patented technology.

    f) The request for purchase orders and sales contracts for the sales of specified Cisco products calls for documents that should reside, if at all, in

14

Cisco's sales records and should be reasonably accessible without undue burden.

g) Claimant has not shown that drafts or other non-final versions of the Cisco purchase orders and sales contracts it seeks are relevant to any issue in this arbitration and material to its outcome. The need to produce drafts appears likely to impose an undue burden on Cisco. Accordingly, the final summons should not include drafts within its definition of documents.

h) Claimant has not shown the relevance or materiality in this arbitration of ordering guides that set forth what software and hardware were necessary for a customer to use the Cisco products Claimant alleges were infringing. The final summons should not include this request.

(f) Considerations of Burden, Inconvenience and Expense

In resolving this protracted dispute regarding Claimant's proposed summons, the Tribunal has carefully considered the potential burden, inconvenience and expense of summoning a witness in Northern California to testify in a preliminary hearing in connection with this arbitration and to bring the specified documents. After several rounds of proposed summonses, the Tribunal is satisfied that issuance of the 19 July summons, with the further modifications described in this order, is a necessary and appropriate exercise of its powers and discretion in this arbitration.

Having made provision for a summons that strictly complies with the requirements of FAA § 7, the Tribunal remains attentive to possibilities to reduce the expense, burden and inconvenience of complying. The parties are directed to meet and confer with each other and with Cisco in respect to possible ways to streamline the process and reduce the expense and burden on the witness, parties and tribunal. The parties and Cisco may, for example, agree that the hearing may be conducted by videoconference, with the consent of all concerned. Cisco and the parties may agree on a process for the production of documents in lieu of testimony, with provision to confirm the admissibility of some or all of the documents into evidence in this arbitration without the need for Cisco to appear as a witness at the merits hearing.

Order

1. The Tribunal will issue the July 19 summons, modified in accordance with this Order, if supplied to the Tribunal by August 4, 2017.   The parties shall meet and confer and provide three potential dates for the hearing between August 15 and September 15, 2017.

2. If Claimant elects to proceed with such a summons, it shall supply Cisco with a copy of this Order.

3. Each party shall bear its own expenses in respect to compliance with the summons and shall share equally the expenses of one or more arbitrators to attend the hearing.  The foregoing is without prejudice to a further order as to costs at the conclusion of this arbitration.

Dated:  31 July 2017
        New York, New York

William G. Bassler (Ret.)

Jean E. Kalicki

_____

Mark C. Morril

# **<u>EXHIBIT C</u>**

**IN ARBITRATION BEFORE THE**
**AMERICAN ARBITRATION ASSOCIATION**

XPERTUNIVERSE, INC.

Claimant,

-*against*-

STROOCK & STROOCK & LAVAN LLP,
JOSEPH DIAMANTE and CHARLES
CANTINE,

Respondents.

**WAIVER OF SERVICE**
**OF SUMMONS**

Case No. 01-16-0001-8713

I, Jack Blumenfeld, Esq., in my capacity as counsel to third-party Cisco Systems, Inc.

("Cisco") acknowledge receipt of your request that I waive service of the September 15, 2017

Arbitration Summons to Testify and Present Documentary Evidence at an Arbitration Hearing

(the "Summons") in the action of XpertUniverse, Inc. v. Stroock & Stroock & Lavan LLP,

American Arbitration Association Case No. 01-16-0001-8713.

I agree to save the cost of service of the Summons in this action by not requiring that I (or

the entity on whose behalf I am acting) be served with process in the manner prescribed by the

Federal Arbitration Act or the rules of the American Arbitration Association. Cisco will retain all

defenses or objections to this proceeding except for objections based on a defect in the summons

or in the service of the summons.

Jack B. Blumenfeld (#1014)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com

*Attorney for Third-Party Cisco Systems, Inc.*

**Date:** September 19, 2017